UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATASHA RIDGLEY, et al.,

                    Plaintiffs,

-against-

BJ'S WHOLESALE CLUB, INC., et al.,

                    Defendants.

24-CV-5617 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

       On September 7, 2023, Plaintiffs Latasha Ridgley, M.R., and Antoinette Badger filed this action in the Supreme Court of the State of New York, County of Bronx against Defendants BJ's Wholesale Club, Inc. and BJ's Wholesale Club Holdings, Inc. *See* ECF No. 1-1. On May 16, 2024, Plaintiffs served their Verified Bill of Particulars on Defendants via certified mail. *See* ECF No. 9 ("Mot.") ¶ 12; ECF No. 1-3 ("Verified Bill of Particulars"). On May 21, 2024, Plaintiffs sent Defendants an email stating that the Verified Bill of Particulars was sent to Defendants, to which Defendants confirmed receipt. Mot. ¶ 15. The Verified Bill of Particulars lists special damages in an amount exceeding $75,000. *Id*. ¶ 13; Verified Bill of Particulars ¶ 13. It also stated that "in addition to the pecuniary losses contained above, plaintiffs will each also seek damages in an amount of up to $3,000,000.00 for the pain and suffering elements of the claim." Verified Bill of Particulars ¶ 17. Defendant removed the action to this Court on July 25, 2024. *See* ECF No. 1.

       Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Further:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Defendant argues that the removal clock began to run on July 2, 2024, when Defendant's counsel spoke to Plaintiffs' counsel, who declared demands in excess of $75,000. *See* ECF No. 1 ¶ 9; ECF No. 12 ¶ 8. Plaintiffs argue that the removal clock began to run in May 2024, when Defendant received the Verified Bill of Particulars, with amounts in excess of $75,000. *See* Mot. ¶ 34. Plaintiffs are correct. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."); *see also Canella v. Holiday Inns, Inc.*, No. 20-CV-4120 (AT), 2020 WL 5261220, at *2 (S.D.N.Y. Sept. 3, 2020) (collecting cases holding that once "defendant received the bill of particulars, the amount in controversy was established, and the notice of removal is timely only if it was filed within thirty days of the bill's receipt"). The removal notice filed by Defendant on July 25, 2024 was therefore untimely.

Accordingly, Plaintiffs' motion to remand is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 7, close the case, and remand the matter to the Supreme Court, Bronx County.

Dated: October 25, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge